IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAROLYN RUSSELL-WEBSTER,              )<br>                                                          )<br>        Plaintiff,                                   )<br>                                                          )<br>vs.                                                      )      Case No. CIV-22-1074-D<br>                                                          )<br>GINA RAIMONDO, Secretary of the         )<br>United States Department of Commerce, )<br>                                                          )<br>        Defendant.                                  ) | |

**O R D E R**

Before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. No. 17] under Fed. R. Civ. P. 12(b)(6). Defendant asserts that Plaintiff fails to state a claim under Title VII of Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), or the Age Discrimination in Employment Act, 29 U.S.C. § 101 *et seq.* ("ADEA"). Plaintiff opposes the Motion, which is fully briefed. *See* Pl.'s Resp. Br. [Doc. No. 18]; Def.'s Reply Br. [Doc. No.19].

**Background**

Plaintiff is a former employee of the Census Bureau, for which Defendant Gina Raimondo, Secretary of the Department of Commerce, is the titular head. The First Amended Complaint [Doc. No. 13] alleges that the Census Bureau terminated Plaintiff's employment based on her race and color (Caucasian/white) and her age (72 years) and because she complained of discriminatory treatment by her supervisor, a "much younger"

black man.[1]  *See* Am. Compl. ¶ 6.  Although not enumerated in her pleading, Plaintiff asserts three claims for relief:  1) discrimination based on her race/color and age; 2) a hostile work environment; and 3) retaliation.  *Id*. ¶ 23.  Defendant moves for dismissal on multiple grounds, as stated in the discussion below.

## Standard of Decision

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  In assessing plausibility, a court must first disregard conclusory allegations and "next consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief."  *Id*. at 681.  The question to be decided under Rule 12(b)(6) is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed."  *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).

"Generally, the sufficiency of a complaint must rest on its contents alone."  *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).  There are well-recognized exceptions,

---

[1] Plaintiff includes allegations regarding her female gender and makes arguments in her brief regarding gender discrimination, but her pleading does not assert a gender discrimination claim.  *See* Am. Compl. ¶ 20 ("Plaintiff has been subjected to discrimination on the basis of age, race, and color in connection with her employment, in the form of denials of employment within the Bureau and a hostile environment . . ."); ¶ 22 (listing motivating factors for adverse employment action as "Plaintiff's age, race and color, or her complaints about discrimination").

however, for "(1) documents that the complaint incorporates by reference" or attaches, and "(2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Id.* (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)); *see Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this case, Plaintiff does not attach or refer to any administrative filing, but Defendant submits an administrative complaint with its Motion and argues for dismissal of Plaintiff's hostile work environment claim for lack of administrative exhaustion. *See* Mot. Dismiss at 6-8, Ex. 1 [Doc. No. 17-1].

The Court declines Defendant's invitation to consider at the pleading stage whether Plaintiff's hostile work environment claim was administratively exhausted. Administrative exhaustion is an affirmative defense to a claim of discrimination. *See Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (2018). Under proper circumstances, where an affirmative defense appears on the face of a complaint, a defendant may obtain a dismissal under Rule 12(b)(6) based on a defense. *See Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965). In this case, however, the Court is not persuaded that Plaintiff's administrative complaint can be considered or that it alone determines the exhaustion issue.[2]

---

[2] Administrative exhaustion of a particular claim depends on whether the claim "is within the scope of the administrative investigation that could reasonably be expected to follow from the allegations raised in the charge." *Green v. Donahoe*, 760 F.3d 1135, 1140 (10th Cir. 2014), *vacated on other grounds*, *Green v. Brennan*, 578 U.S. 547 (2016); *see Smith v. Cheyenne Ret. Invs. L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018).

3

**Discussion**

A.  **Discrimination**

Defendant asserts that Plaintiff's factual allegations do not state a plausible claim of discrimination. Defendant contends that Plaintiff makes only "conclusory and formulaic recitations . . . without offering any substantive allegations tending to show that [her supervisor, Adeniyi Fawehinmi] or anyone else with the Census Bureau discriminated against her based on her age, race, or color." *See* Mot. Dismiss at 18.

Upon consideration, the Court finds that Plaintiff's allegations, viewed in the light most favorable to her as required by Rule 12(b)(6), are minimally sufficient to state a claim of race and age discrimination in the termination of her employment by the Census Bureau. The First Amended Complaint contains factual allegations that plausibly suggest Plaintiff's employment ended under circumstances from which an adverse employment action based on her race and age could reasonably be inferred.[3]

Specifically, Plaintiff alleges the Census Bureau falsely processed her separation from employment as a termination for insubordination – after she had submitted papers to resign so she could accept a full-time position in the Denver, Colorado office – because of the racial and ageist animus of her supervisor, Mr. Fawehinmi. Plaintiff alleges facts from which Mr. Fawehinmi's bias against older white women can reasonably be inferred and that suggest Mr. Fawehinmi participated in the decision to document her separation as a

---

[3] A plaintiff establishes a *prima facie* case of discrimination by showing "that (1) the victim belongs to a class protected by Title VII [or ADEA], (2) the victim suffered an adverse employment action, and (3) the challenged action took place under circumstances giving rise to an inference of discrimination." *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1252 (10th Cir. 2021).

termination for insubordination. As a result of this action, and the alleged alteration of her personnel records, Plaintiff became ineligible for rehire and the Colorado office withdrew its offer of employment.

Viewed in her favor, Plaintiff's allegations give Defendant fair notice of a claim of race and age discrimination in the termination of her employment, which is all federal pleading rules require. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("Rule 8(a)(2) still lives."). Therefore, the Court finds that Plaintiff's discriminatory termination claim should proceed and Defendant's Motion for dismissal of this claim should be denied.

**B.     Hostile Work Environment**

Defendant contends the First Amended Complaint fails to state a plausible hostile work environment claim because Plaintiff "does not allege sufficient facts such that a reasonable person would find [her work] environment hostile or abusive." *See* Mot. Dismiss at 9.

A hostile work environment that violates Title VII is one involving harassment based on a prohibited factor, such as race, that is "sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986). "Severity and pervasiveness are evaluated according to the totality of circumstances, *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993), considering such factors as the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with

<2>

an employee's work performance." *Chavez v. New Mexico*, 397 F.3d 826, 832 (10th Cir. 2005) (internal quotation omitted). "Abusive conduct that is either severe *or* pervasive is actionable; it does not have to be both." *Morris v. City of Colo. Springs*, 666 F.3d 654, 665 (10th Cir. 2012) (internal quotation omitted).

Upon consideration, the Court agrees with Defendant that the First Amended Complaint contains insufficient factual allegations to state a plausible claim that Plaintiff experienced a hostile work environment during her employment at the Census Bureau. Plaintiff states that Mr. Fawehinmi became her supervisor effective August 2, 2019, and she resigned her position August 5, 2019. Plaintiff alleges that during a one-week period in late July 2019 when Mr. Fawehinmi was present in the office (before becoming her supervisor), he did not speak to her and "refused to acknowledge or speak" to older white employees "while conversing with black employees." *See* Am. Compl. ¶ 7. On August 1, 2019 (the day before taking control), Mr. Fawehinmi visited Plaintiff's work site and humiliated her by yelling at her in front of other employees and trainees. *Id.* ¶ 9. The next day, "a co-worker informed Plaintiff that the entire [Warr Acres] office had heard about Fawehinmi's conduct directed at Plaintiff the prior day." *Id.* ¶ 10.

These allegations form the entire basis of Plaintiff's claim that she suffered a hostile work environment created by harassing conduct of Mr. Fawehinmi toward older white women. Accepting Plaintiff's alleged facts as true and viewing them in the light most favorable to her as required by Rule 12(b)(6), the Amended Complaint does not describe circumstances that satisfy the legal standard for a hostile work environment. The alleged facts do not show severe or pervasive discriminatory conduct. Plaintiff does not describe

6

a workplace "permeated with discriminatory intimidation, ridicule, and insult" (*Morris*, 666 F.3d at 664) but, at most, identifies an isolated incident of abusive conduct. "[I]solated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001) (quoting *Faragher v. Boca Raton*, 524 U.S. 775, 788 (1988)); *see Fassbender*, 890 F.3d at 891.

For these reasons, the Court finds that the First Amended Complaint fails to state a plausible claim that Plaintiff was subjected to a hostile work environment. Therefore, Defendant is entitled to the dismissal of Plaintiff's hostile work environment claim.[4]

**C.     Retaliation**

Defendant asserts that the First Amended Petition does not state a plausible retaliation claim because Plaintiff does not adequately specify a protected activity that is causally related to an adverse employment action. Defendant argues that one identified activity (a phone call to Plaintiff's former supervisor, Glen Partin) lacks a causal link to the alleged adverse action, that another activity (a complaint to a higher manager, Mary Schnorrenberg) is not plausible, and that Plaintiff's participation in the agency's administrative process occurred after any adverse action.

"To state a prima facie case of retaliation, [a plaintiff] must show that: (1) she engaged in a protected activity; (2) [the employer] took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection

---

[4] It is unclear whether this pleading defect could not be cured by further amendment, but out of an abundance of caution, the Court finds that the dismissal should be without prejudice.

between the protected activity and the adverse action." *Carney v. City of Denver*, 534 F.3d 1269, 1276 (10th Cir. 2008) (quoting *Metzler v. Fed. Home Loan Bank*, 464 F.3d 1164, 1171 (10th Cir. 2006)).  The first element is satisfied by showing the plaintiff "engaged in protected opposition to discrimination." *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1234 (10th Cir. 2000).  Protected conduct encompasses opposition based on a reasonable, good faith belief that the underlying conduct constituted prohibited discrimination.  *See Crumpacker v. Kansas Dep't of Human Serv.*, 338 F.3d 1163, 1171 (10th Cir. 2003).  To qualify as protected conduct, "the employee must convey to the employer his or her concern that the employer has engaged in a practice made unlawful by [Title VII or ADEA]." *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1203 (10th Cir. 2008); *see Peterson v. Utah Dep't of Corr.*, 301 F.3d 1182, 1188 (10th Cir. 2002).

Upon consideration, the Court finds that Plaintiff has provided minimally sufficient facts to state a plausible claim of retaliatory termination.  Defendant's primary contention is that Plaintiff has not identified any protected activity that predated the alleged retaliatory termination of her employment.  "To show she engaged in protected activity, [Plaintiff] doesn't need to show that she reported an actual Title VII violation; rather, she must only show 'a reasonable good-faith belief that' she was opposing discrimination." *Fassbender v. Correct Care Sols., LLC*, 890 F.3d 875, 890 (10th Cir. 2018) (quoting *Hertz v. Luzenac Am., Inc.*, 370 F.3d 1014, 1015-16 (10th Cir. 2004)).

Plaintiff alleges that on the same day as the conflict with Mr. Fawehinmi (August 1, 2019), she called her supervisor (Mr. Partin) to report the incident and to complain about Mr. Fawehinmi's discriminatory conduct.  Mr. Partin promised to "take action based on

Plaintiff's complaint of discrimination and hostile work environment," even though his resignation was effective the next day. *See* Am. Compl. ¶ 10. Plaintiff alleges that she went to the office of Mr. Fawehinmi's supervisor, Ms. Schnorrenberg, on August 2, 2019, and made an oral discrimination complaint against him in the context of a discussion about her future with the Census Bureau. *Id*. ¶¶ 12-13. Defendant contends these oral communications were not formal discrimination complaints. However, they could nevertheless constitute protected activity if Plaintiff "honestly and reasonably believed that she was reporting discrimination." *Fassbender*, 890 F.3d at 891.

For this reason, and because the factual allegations of the First Amended Complaint are sufficient to satisfy the second and third elements of a retaliatory discharge claim, the Court finds that Plaintiff has adequately stated a plausible retaliation claim.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. No. 17] is **GRANTED** in part and **DENIED** in part, as set forth herein. Plaintiff's hostile work environment claim is **DISMISSED without prejudice**, but her discrimination and retaliation claims are sufficiently stated.

**IT IS SO ORDERED** this 1st day of November, 2023.

TIMOTHY D. DeGIUSTI
Chief United States District Judge